UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MATTHEW FLORENCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-CV-00558-SPM |
| | ) |
| FRANK BISIGNANO, | ) |
| Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This is an action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of Defendant Frank Bisignano, Commissioner of Social Security (the "Commissioner") denying the application of Plaintiff Matthew Florence ("Plaintiff") for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* (the "Act"). The parties consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF No. 5). Because I find the decision denying benefits was not supported by substantial evidence, I will reverse the Commissioner's denial of Plaintiff's application and remand the case for further proceedings.

---

[1] Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.    **FACTUAL BACKGROUND**

At the hearing before the ALJ on August 24, 2022, Plaintiff testified as follows. (Tr. 70, 74-95). In 2018, he had open heart surgery for myocardial bridging. (Tr. 80). This condition causes chest pain that is unbearable and causes him to have dizziness and trouble breathing. (Tr. 76, 80). The pain sometimes radiates into his back, arm, and neck. (Tr. 76). He gets chest pains bad enough to make him lie down about about eight to ten times a week, with each episode lasting anywhere from 30 minutes to hours. (Tr. 90). He has visited the emergency room for his chest pain on several occasions. (Tr. 88). The chest pain can be triggered by physical activity but also happens randomly. (Tr. 76, 80-81). He also has panic attacks anywhere from four to six times a week, sometimes triggered by chest pain and sometimes out of nowhere. (Tr. 82). He has depression and obsessive-compulsive disorder that affect his tasks and daily routines. (Tr. 83). He also has anxiety and difficulty with eye contact and socializing. (Tr. 80, 93).

With respect to the medical records, the Court accepts the facts as set forth in the parties' respective statements of fact and responses. Briefly, the record indicates that Plaintiff underwent heart surgery in September 2018, and that after that date, he frequently sought treatment for chest pain and/or neck pain and for mental symptoms. The record contains medical opinion evidence from two state agency medical consultants who opined that Plaintiff could perform a range of medium work. It also contains an opinion from Plaintiff's cardiologist, who opined that Plaintiff could perform a range of medium work with some additional limitations, that Plaintiff would need to take unscheduled breaks during an eight-hour workday at an unknown frequency, and that Plaintiff's mental health impacts his physical health. The record also contains evidence from two state agency psychological consultants, each of whom opined that Plaintiff had no severe mental impairments.

## II.    PROCEDURAL BACKGROUND

In March 2020, Plaintiff applied for DIB and SSI. (Tr. 230-34, 213-19). His applications were denied initially and on reconsideration. (Tr. 139-43, 145-50). Plaintiff filed a Request for Hearing by Administrative Law Judge ("ALJ") (Tr. 151-52). After a hearing, the ALJ issued an unfavorable decision on May 30, 2023. (Tr. 15-34). Plaintiff filed a Request for Review of Hearing Decision with the Social Security Administration's Appeals Council. (Tr. 210-12). On February 20, 2024, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). The decision of the ALJ stands as the final decision of the Commissioner of the Social Security Administration.

## III.    STANDARD FOR DETERMINING DISABILITY UNDER THE ACT

To be eligible for benefits under the Social Security Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Hum. Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). Under the Social Security Act, a person is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). *Accord Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he [or she] lives, or whether a specific job vacancy exists for him [or her], or whether he [or she] would be hired if he [or she] applied for work." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

3

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if the claimant is, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has "a severe medically determinable physical or mental impairment that meets the [twelve-month duration requirement in § 404.1509 or § 416.909], or a combination of impairments that is severe and meets the duration requirement"; if the claimant does not have a severe impairment, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(ii); *McCoy*, 648 F.3d at 611. To be severe, an impairment must "significantly limit[] [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner finds the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner assesses the claimant's residual functional capacity ("RFC"), 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), which is "the most [a claimant] can still do despite [his or her] limitations," 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). *See also Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009). At Step Four, the Commissioner determines whether the claimant can return to his or her past relevant work by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R.

4

§§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his or her past relevant work, the claimant is not disabled; if the claimant cannot, the analysis proceeds to the next step. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611. At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant is found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 404.1560(c)(2), 416.920(a)(4)(v), 416.920(g), 416.1560(c)(2); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he or she is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2).

IV. **THE ALJ'S DECISION**

Applying the foregoing five-step analysis, the ALJ here found that Plaintiff has not engaged in substantial gainful activity since September 1, 2018, the alleged onset date; that Plaintiff had the severe impairments of endothelial dysfunction of coronary artery, Raynaud's disease, insomnia due to mental disorder, major depressive disorder, generalized anxiety disorder, and posttraumatic stress disorder; and that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 21-23). The ALJ found that Plaintiff had the following RFC:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift up to 20 pounds occasionally; lift/carry up to 10 pounds frequently. He can stand or walk for about 6 hours and sit for up to 6 hours in an 8 hour work day, with normal breaks. He can frequently climb ramps or stairs, but occasionally climb ladders, ropes or scaffolds. He can frequently stoop and crouch. He should avoid moderate exposure to extreme cold, extreme heat and humidity. He should avoid concentrated exposure to chemicals and irritants, such as fumes, odors, dust, gases and poorly ventilated areas. He should avoid concentrated exposure to operational control of moving machinery. He should avoid moderate exposure to unprotected heights and hazardous machinery. He cannot perform work that requires hourly quotas. His work should be in low stress job, defined as having only occasional changes in the work setting.

(Tr. 23-24). At Step Four, the ALJ found Plaintiff unable to perform any past relevant work. (Tr. 27). However, at Step Five, relying on the testimony of a vocational expert, the ALJ found that considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform, including representative occupations such as office helper, price marker, and order caller. (Tr. 28). Thus, the ALJ found Plaintiff was not under a disability, as defined in the Act, from September, 1, 2018, through the date of the decision (May 30, 2023).

## V. STANDARD FOR JUDICIAL REVIEW

The decision of the Commissioner must be affirmed if it "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009) (quoting *Ford v. Astrue*, 58 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. §§ 405(g); 1383(c)(3). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the

Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942 (quotation marks omitted). *See also Biestek*, 587 U.S. at 103 ("Substantial evidence . . . means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consol. Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

The Court reviews de novo whether the Commissioner's determination was based on legal error. *Dewey v. Astrue*, 509 F.3d 447, 449 (8th Cir. 2007) (citing *Miles v. Barnhart*, 374 F.3d 694, 698 (8th Cir. 2004)); *Keller v. Shalala,* 26 F.3d 856, 858 (8th Cir. 1994)). "Legal error may be an error of procedure, the use of erroneous legal standards, or an incorrect application of the law." *Collins v. Astrue,* 648 F.3d 869, 871 (8th Cir. 2011) (internal citations omitted).

## VI.   DISCUSSION

Plaintiff challenges the ALJ's decision on three grounds: (1) that the decision lacks a proper evaluation of Plaintiff's pain symptoms; (2) that the ALJ did not properly evaluate the medical opinion evidence; and (3) that the RFC is not supported by any medical evidence.

The Court begins with Plaintiff's argument that the ALJ did not properly evaluate Plaintiff's subjective complaints of pain. "When evaluating the claimant's subjective complaints, the ALJ must consider all of the evidence, including objective medical evidence, the claimant's work history, and evidence relating to the *Polaski* factors: (i) the claimant's daily activities; (ii) the duration, frequency, and intensity of the claimant's pain; (iii) precipitating and aggravating factors; (iv) the dosage, effectiveness, and side effects of medication; and (v) the claimant's functional restrictions."  *Julin v. Colvin*, 826 F.3d 1082, 1086 (8th Cir. 2016) (citing *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984)). *See also* 20 C.F.R. §§ 404.1529(c), 416.929(c). "The ALJ is not required to discuss each *Polaski* factor as long as 'he acknowledges and considers the factors before discounting a claimant's subjective complaints.'" *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010) (quoting *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009)). "The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." Social Security Ruling ("SSR") 16-3p, 2007 WL 5108034, at *10 (Oct. 25, 2017).

Here, the ALJ found that "the persuasiveness of the claimant's allegations is weakened by inconsistencies between his allegations and the medical evidence of record." (Tr. 27). In reaching this conclusion, the ALJ appears to have relied principally on the absence of objective medical evidence to support Plaintiff's complaints. The ALJ stated, "Overall, the undersigned finds that although the claimant may have limitations in the type of work he can perform, the objective findings below do not support the claimant's allegations of an inability to do all work." (Tr. 24). The ALJ then summarized Plaintiff's medical treatment notes, which included findings of normal gait and station, regular heart rate and rhythm, no significant arrythmias, normal coordination,

lungs clear to auscultation, normal respiratory effort, normal respiratory effort, a "fairly normal ejection fraction of 60%," no chest wall tenderness, no joint tenderness, full motor strength, and no significant neurological deficits. (Tr. 24-25). These normal objective findings do tend to undermine Plaintiff's subjective complaints of chest pain. However, it is well settled that "the ALJ may not discount a claimant's subjective complaints solely because they are unsupported by objective medical evidence." *Halverson*, 600 F.3d at 931-32. Thus, the Court must determine whether the ALJ properly considered the other relevant factors as well. The Court finds that he did not.

Aside from objective evidence, the only other factor the ALJ appears to have considered is Plaintiff's daily activities. (Tr. 24). It is well-established that "[a]llegations of pain may be discredited by evidence of daily activities inconsistent with such allegations." *Davis v. Apfel*, 239 F.3d 962, 967 (8th Cir. 2001). However, the ALJ's conclusion that Plaintiff's daily activities are inconsistent with Plaintiff's subjective complaints is not supported by substantial evidence. To the contrary, the record shows that Plaintiff's daily activities were limited in a way that appears to be *consistent* with his allegations. Plaintiff does not allege constant pain or weakness that prevents him from ever performing the physical activities required of work. Instead, Plaintiff alleges frequent episodes of chest pain (and associated symptoms) that sometimes prevent him from performing physical activities or require him to lie down. Consistent with these allegations, the record indicates that Plaintiff does laundry "if his symptoms allow" (Tr. 258); that his mother does the chores when he is having symptoms (Tr. 258); that he does not do yard work because if he pushes himself too hard he has chest pain (Tr. 259, 286); that he does not perform personal care activities when he is having chest pain (Tr. 257, 285); that he prepares meals that take less than five minutes and relies on his mother to cook meals (Tr. 258); that his mother usually drives him

9

places due to his chest pain, anxiety, and trouble breathing (Tr. 259, 286-87); and that his mother usually does the shopping while he only comes in to pay at the checkout (Tr. 259, 286). Daily activities that are not inconsistent with subjective allegations provide little to no support for discounting those allegations. *See Ford v. Astrue*, 518 F.3d 979, 983 (8th Cir. 2008) ("[T]he ALJ erred in concluding that [the plaintiff's] description of her daily activities worked against her. She consistently reported being able to do such things as washing a few dishes, ironing one or two pieces of clothing, making three or four meals each week, and reading, and we do not think that these activities are inconsistent with her complaints of pain or with her contention that she is unable to hold a full time job."); *Ross v. Apfel*, 218 F.3d 844, 849 (8th Cir. 2000) (finding the claimant's ability to perform limited daily activities on his good days, such as mowing the lawn with breaks and driving, was not inconsistent with his testimony that on his bad days, he could not function at all; noting that "the ability to perform sporadic light activities does not mean that the claimant is able to perform full time competitive work").

The ALJ did not discuss the how any of the remaining factors affected his analysis of Plaintiff's subjective complaints. Notably, at least some of those factors appear to provide support for those complaints. For example, with regard to the duration, intensity, and frequency of pain, it appears that Plaintiff made every frequent visits to his doctors and to the emergency room for chest pain (Tr. 344-45, 688, 699-700, 727-28, 731, 733, 749, 751, 768, 772, 1143-53, 1222-23, 1250, 1534, 1262-63, 1513, 1525, 1659), and he sometimes reported that his chest pain was debilitating or caused him to pass out (Tr. 1250, 1534). Plaintiff also reported that he takes several medications for his conditions, several of which he reported to have significant side effects. (Tr. 84-85, 289). His testimony also indicates that his chest pain can be triggered by physical activity. (Tr. 81-82) .

10

As to Plaintiff's work history, there is evidence that he was working as a welder up to the time he had surgery for his heart condition in September 2018. (Tr. 76-77).

The Court is mindful of the fact that it must defer to the ALJ's assessment of a claimant's subjective complaints if the ALJ conducts the required analysis, supported by good reasons and substantial evidence. *See, e.g., Renstrom v. Astrue*, 680 F.3d 1057, 1063-64 (8th Cir. 2012). However, on the specific record in this case, the Court cannot say that the ALJ adequately considered the relevant factors or articulated good reasons for his assessment. It appears that the only substantial basis for the ALJ's decision to discount Plaintiff's subjective complaints of pain was the absence of objective medical evidence, which is not sufficient. The Court therefore finds it necessary to remand this case for further consideration of Plaintiff's subjective complaints. On remand, the ALJ should make it clear that he has considered all of the *Polaski* factors. To the extent that he discounts Plaintiff's allegations of pain, he should make it clear why he is doing so.

Because the Court finds remand is required for re-evaluation of Plaintiff's subjective complaints, the Court need not reach Plaintiff's remaining arguments. However, to minimize the potential for future remands, the Court will briefly address the ALJ's evaluation of the opinion of Dr. Allen, Plaintiff's treating cardiologist. (Tr. 26-27, 1683-86). From the ALJ's decision, it is unclear whether, and why, the ALJ found unpersuasive Dr. Allen's opinion that Plaintiff would need to take unscheduled breaks. This appears to be significant in light of the vocational expert's testimony that an employer would not tolerate unscheduled breaks. (Tr. 10). On remand, in addition to re-evaluating Plaintiff's subjective complaints of pain, the ALJ should address that aspect of Dr. Allen's opinions in accordance with the applicable regulations.

VII.    **CONCLUSION**

For the reasons set forth above, the Court finds that the decision of the Commissioner is not supported by substantial evidence. Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **REVERSED** and that this case is **REMANDED** under 42 U.S.C. § 1383(c)(3) and Sentence Four of 42 U.S.C. § 405(g) for reconsideration and further proceedings consistent with this opinion.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of September, 2025.